21-146-cv
*Bailey v. Interbay Funding, LLC, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty-two.

PRESENT:
        GUIDO CALABRESI,
        BARRINGTON D. PARKER,
        SUSAN L. CARNEY,
           *Circuit Judges.*

---

**David Bailey,**

        *Plaintiff-Appellant*,

v.                                                                                            21-146

**Interbay Funding, LLC, DBA Bayview Asset Management, LLC, DBA Bayview Loan Servicing, LLC, Bayview Loan Servicing, LLC, DBA Bayview Asset Management, LLC, DBA Interbay Funding, LLC, Bayview Asset Management, LLC, DBA Interbay Funding, LLC, DBA Bayview Loan Servicing, LLC,**

        *Defendants-Appellees*,

**Blue Ribbon Appraisals LLC, AKA John Doe,**

        *Defendant*.

---

**FOR PLAINTIFF-APPELLANT:**         DAVID BAILEY, pro se, Oxon Hill, MD.

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES:** | Tara Lynn Trifon, Locke Lord LLP, Hartford, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 18, 2020 order of the district court is **AFFIRMED**.

In 2017, David Bailey, through counsel, sued lenders and appraisers involved with his mortgage and purchase of a property in New Haven, Connecticut (the "Property"). Bailey alleged that the defendants fraudulently caused him to rely on a falsified appraisal and prevented him from discovering the true condition of the Property before he took out loans for the purchase in 2006. The alleged fraud resulted in Bailey having to make significant unexpected expenditures to repair the Property and, ultimately, led to foreclosure on the Property after he was unable to maintain loan payments. In January 2020, the district court granted summary judgment to the defendants, concluding that Bailey's fraud claim was barred by the Connecticut statute of limitations and that the limitations period was not tolled because Bailey had failed to prove that the defendants intentionally concealed the alleged fraud from him. After his attorney withdrew, Bailey proceeded pro se, filing a motion (later amended) for reconsideration of the summary judgment decision. The district court denied reconsideration in December 2020, and Bailey now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.      Jurisdiction

A notice of appeal must "designate the judgment, order, or part thereof being appealed." *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (per curiam) (quoting Fed. R. App. P.

3(c)(1)(B)). This requirement is jurisdictional. *Id.* We construe a notice of appeal liberally, however, "taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Our jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (per curiam). A notice of appeal also must be timely filed to provide appellate jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Federal Rule of Appellate Procedure 4(a) requires a notice of appeal in a civil case to be filed within 30 days of the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1). A party may toll the deadline for filing a notice of appeal, however, by filing a Rule 60 motion "no later than 28 days" after the entry of the order or judgment being appealed. Fed. R. App. P. 4(a)(4)(A)(vi).

Here, Bailey's notice of appeal does not refer to *any* prior order or judgment. Indeed, on the preprinted notice of appeal form where a litigant is prompted to write the date of the order or judgment being appealed, Bailey wrote the date on which he filed the notice of appeal (January 19, 2021) and not the date of any order entered by the district court. The defendants urge us to infer that the notice of appeal relates only to the January 2020 order granting summary judgment. They argue that this inference bars our consideration of the district court's December 2020 order denying Bailey's motions for reconsideration, and that the notice of appeal is untimely as to the January 2020 order, requiring us to dismiss the appeal altogether.

We instead conclude that Bailey intended to appeal from the December 2020 denial of the motion for reconsideration, and that we have jurisdiction to consider his challenges to that order. While a notice of appeal must "designate" the decision being appealed, we construe this requirement particularly leniently for pro se litigants: "as long as the *pro se* party's notice of appeal

3

evinces an intent to appeal . . . and appellee has not been prejudiced or misled by the notice, . . . technical deficiencies will not bar appellate jurisdiction." *Elliott*, 823 F.3d at 172–73 (internal quotation marks and alteration omitted). Bailey's brief refers exclusively to the December 2020 order denying his motions for reconsideration and explicitly states his intent to appeal that decision. The defendants have not been prejudiced by any lack of notice: in their briefs, they responded to Bailey's arguments concerning the motions for reconsideration.

Further, the Supreme Court recently approved amendments to the Federal Rules of Appellate Procedure that clarify the broad scope of a notice of appeal in civil cases. Fed. R. App. P. 3(c); *see also* Order Adopting Amendments to the Federal Rules of Appellate Procedure (2021), https://www.supremecourt.gov/orders/courtorders/frap21_9p6b.pdf. The committee notes concerning the 2021 amendments describe a need to "reduce the unintended loss of appellate rights" and to avoid "trap[s] for the unwary." Fed. R. App. P. 3(c). Given the recent amendments and Bailey's brief's obvious challenge to the order denying his motions for reconsideration—and the fact that his notice of appeal was timely filed as to that order—we conclude that we have jurisdiction to review the district court's December 2020 order denying reconsideration.

We do not, however, have jurisdiction to address the January 2020 order granting summary judgment. Rule 3 now explicitly allows a notice of appeal to include an underlying final judgment even if the notice designates only an order denying a motion for reconsideration. Fed. R. App. P. 3(c)(5)(B). But Rule 4(a)(4)(A) allows such a motion to toll the period for filing a notice of appeal *only if* a party files the motion "within the time allowed by [the] rules." Fed. R. App. P. 4(a)(4)(A). A Rule 60 motion must be filed within 28 days of the final judgment. *Id.* Because Bailey did not file his Rule 60(b) motion for reconsideration until over three months after that

4

deadline had passed, his notice of appeal cannot reasonably be read to encompass the order granting summary judgment to defendants.[1]

## II.   Motion for Reconsideration

We review a district court's decision on a Rule 60 motion for reconsideration for abuse of discretion.  *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994).  Rule 60(b) motions for reconsideration "allow[] extraordinary judicial relief" and thus should be granted "only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Bailey has not shown that the district court abused its discretion in denying his motions for reconsideration.  The district court's summary judgment decision was based on its legal conclusion that Bailey's lawsuit was time-barred under Conn. Gen. Stat. § 52-577, which establishes a three-year statute of limitations for fraud claims.  Another state statute, Conn. Gen. Stat. § 52-595, allows for delaying the start of the limitations period if it is shown that an opposing party fraudulently concealed a cause of action.  *See Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 419 (2d Cir. 1999).  However, to establish such fraudulent concealment, a plaintiff must prove

> a defendant's actual awareness . . . of the facts necessary to establish the plaintiffs' cause of action; . . . [the] defendant's intentional concealment of these facts from

---

[1] Rule 4(a)(4)(A) is not jurisdictional, but we see no reason here to consider an equitable exception that would allow us to consider the merits of the January 2020 summary judgment order.  *See Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 312 (2d Cir. 2015).  Even though the district court repeatedly extended the time within which Bailey could file a motion for reconsideration, including by providing an additional month for filing after Bailey's attorney withdrew, Bailey still filed his original pro se motion for reconsideration over three months after the district court's extended deadline.  In light of that untimeliness, we are constrained to consider only the district court's ruling on the motion for reconsideration.

5

> the plaintiffs; and . . . [the] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action.

*Id.* (internal quotation marks omitted). The district court's summary judgment order concluded that Bailey provided no evidence that the defendants intentionally concealed the allegedly false appraisal, or that they had done anything to delay a lawsuit. ROA doc. 122 at 16–17. To prevail on his motions for reconsideration, therefore, Bailey had to present new evidence demonstrating that (1) the statute of limitations did not apply to his claim or that (2) it should be tolled because of defendants' fraudulent concealment.

Bailey did not present such evidence. Instead, Bailey asserted that the new evidence was relevant to showing various other allegedly fraudulent acts of the defendants bearing on the false appraisal—allegations that he had not previously pleaded. Indeed, even his appellate brief fails to describe a connection between the evidence he presented in the motions for reconsideration and any possible tolling of the statute of limitations. Without challenging the district court's legal conclusion on the statute of limitations *or* its factual findings on fraudulent concealment specifically, Bailey cannot show that the district court abused its discretion in denying his motions for reconsideration.

We have considered all of Bailey's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

6

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit